```
                                                          USDC SDNY
                                                          DOCUMENT
                                                          ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                              DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                             DATE FILED: June 22, 2009
------------------------------------------------------------x
                                                   :
SOURCE INTERLINK DISTRIBUTION, LLC,                :
and SOURCE INTERLINK COMPANIES, INC.,              :
                                                   :
                  Plaintiffs,                      :        09 Civ. 1152 (PAC)
                                                   :
     -against-                                     :
                                                   :        ORDER
BAUER PUBLISHING CO., LP., MR CONSULTING           :
SERVICES LLC, and MICHAEL R. ROSCOE,               :
                                                   :
                  Defendants.                      :
                                                   :
------------------------------------------------------------x
```

HONORABLE PAUL A. CROTTY, United States District Judge:

Defendant Bauer Publishing Co., LP ("Bauer") petitions the Court to hold that it is entitled to recover damages out of a $7.5 million bond posted by Plaintiffs Source Interlink Distribution, LLC and Source Interlink Companies, Inc. (collectively, "Source") in connection with a temporary restraining order ("TRO") issued by the Court on February 11, 2009. Source opposes Bauer's petition and asks the Court to discharge the bond on the grounds that Bauer has failed to provide any evidence that it suffered damages as a result of its compliance with the TRO.

Source is a magazine wholesaler and Bauer is a magazine publisher. The TRO obliged Bauer and the other original Defendants, who were wholesalers, publishers, and distributors in the magazine industry,[1] to continue to do business with Source on the same terms that had prevailed among the parties prior to a dispute arising in January 2009. On

---

[1] Besides Bauer, the original Defendants named in this matter were American Media, Inc.; Curtis Circulation Company; Distribution Services, Inc.; Hachette Filipacchi Media U.S., Inc.; Hudson News Distributors LLC; Kable Distribution Services, Inc.; Time/Warner Retail Sales & Marketing, Inc.; and The News Group, LP.

February 19, Source informed the Court that it no longer sought injunctive relief against the Defendants. The Court vacated the TRO the following day. Since then, Source has entered into settlement agreements with all of the original Defendants save Bauer, and on April 10 it filed a Second Amended Complaint against Bauer and two new Defendants, MR Consulting Services LLC and Michael R. Roscoe. During a status conference on March 31, Source asked the Court to vacate the TRO bond. The Court denied the request and gave Bauer 30 days in which to demonstrate that it suffered injuries related to the TRO such that it is entitled to recovery on the bond.

Bauer argues that it is entitled to recovery for five reasons. First, it claims to have incurred approximately $300,000 in extra printing costs during the TRO period because, in addition to supplying its other customers with magazines, it was also required to supply Source. (Def. Mem. in Support of Application for Damages under Pl.'s Bond ("Def. Mem.") at 4.) Second, Bauer believes that it may have suffered decreased sales due to "confusion" among magazine wholesalers and retailers resulting from the TRO. It claims that it cannot calculate its sales losses, however, until it receives certain information from its wholesalers in June or July. (Id. at 4-5.) Third, Bauer anticipates that it has suffered or will suffer advertising losses, either through rebates it is obliged to pay to advertisers due to decreased sales or through cancellations of future advertising orders. (Id. at 5.) Fourth, Bauer suggests that Source might fail to pay for the magazines Bauer supplied during the TRO period. (Id.) Finally, Bauer argues that because Source has recently filed for bankruptcy, the bond is Bauer's only potential source of recovery for any losses relating to the TRO. (Id.)

Source opposes Bauer's claims on several grounds. First, with respect to the extra printing costs, Source argues that Bauer's $300,000 figure is purely speculative and that, in any event, such losses are attributable to Bauer's business decisions rather than the TRO. (Pl. Mem. in Support of Discharge of the Bond and in Opp. to Def.'s Application for Damages ("Pl. Opp.") at 6-8.) Second, Source asserts that Bauer has provided the Court with no real evidence of decreased sales or loss of advertising revenue resulting from the TRO; moreover, it claims that Bauer already possesses the information it would need to calculate such losses if they had in fact occurred. (Id. at 8-12.) Third, Source states that it already paid Bauer for the magazines Bauer supplied during the TRO period. (Id. at 11.) Finally, with respect to its bankruptcy proceedings, Source contends that its assets are greater than its debts and it has already agreed to pay its vendors, meaning that the bankruptcy will have no impact on Bauer's ability to recover. (Id. at 12-13.)

Under Rule 65(c) of the Federal Rules of Civil Procedure, a party on whose behalf a TRO is issued must post a bond "to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). A party is wrongfully restrained, and therefore entitled to recovery, if it is ultimately determined that at all times it had the right to do the restrained act. See Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 910 F.2d 1049, 1054 (2d Cir. 1990). "Although damages need not be proved with mathematical certainty, they cannot be speculative." B.G. Soft Ltd. v. B.G. Soft Int'l, Inc., No. CV-01-17 (RR) (VVP), 2002 WL 1467744, at *2 (E.D.N.Y. Apr. 29, 2002). Courts have held that sales profits lost as a result of a TRO are recoverable from a bond. See Credit Protection Assoc. v. Stockton, No. 85 Civ. 9843 (DNE), 1991 WL 267849, at *6 (S.D.N.Y. Dec. 5, 1991). Out-of-

pocket expenditures incurred as a result of a TRO are similarly recoverable.  See Time Warner Cable, Inc v. DIRECTV, Inc., No. 06 Civ. 14245 (LTS) (MHD), 2007 WL 1296205, at *2-*3 (S.D.N.Y. May 2, 2007).

Here, with the possible exception of its alleged extra printing costs, the losses Bauer identifies are too speculative to serve as the basis for any recovery on Source's bond.  Moreover, when the Court set a bond of $7.5 million, it did so in order to provide security for the potential damages of a large number of Defendants, all of whom except Bauer are no longer parties to this matter and have disclaimed any right to recovery against the bond.  Even if Bauer were to provide convincing proof of damages relating to the TRO, it is highly unlikely that these damages would entitle it to anywhere near a $7.5 million recovery.

On the other hand, Bauer claims that it must obtain certain information, which will be available either this month or next, in order to provide the Court with more exact proof of its damages.  Bauer also expresses concern about its ability to recover potential damages in light of Source's bankruptcy.  The credibility of this concern is amplified by the fact that there has yet to be a determination as to whether Bauer was wrongfully restrained by Source's TRO, i.e. whether at all times it had the right to refuse to supply Source with magazines.  Bauer has moved to dismiss Source's Second Amended Complaint; this motion became fully briefed on June 15 and will be considered by the Court in a timely fashion.  If Bauer were to prevail on its motion to dismiss, it would have a strong argument that it was wrongfully restrained by the TRO.

Taking all of these factors into consideration, the Court hereby orders that Source's bond shall be reduced to $1.5 million.  Bauer is given until Friday, July 31 to

supplement its present application with proof of damages that rises above the level of speculation. If it does so, Source shall have until Friday, August 14 to respond to Bauer's supplemental materials. The Court may then revisit the issue of Source's remaining bond in light of its disposition on Bauer's pending motion to dismiss.

Dated: New York, New York
       June __, 2009

                                        SO ORDERED

                                        _____
                                        PAUL A. CROTTY
                                        United States District Judge